**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| DIANE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>LAGRANT BARNES and QUEEN TRANSPORTATION, LLC,<br><br>Defendants. | : | CASE NO.: 1:26-CV-26 (LAG) |

**ORDER**

Before the Court is Parties Joint Motion for Entry of Consent Protective Order. (Doc. 10). Therein, the Parties ask the Court to enter a consent protective order to protect confidential or private materials, including "trade secrets, confidential information, proprietary information, commercially sensitive business information, private data, and/or financial information relating to Defendants." (*Id.* ¶ 1). The Parties represent that entry of a protective order will "avoid the dissemination of the above-referenced information outside of this lawsuit" and facilitate discovery. (*Id.* ¶ 2).

Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order upon finding good cause. Stipulated protective orders have become "commonplace in the federal courts" to allow the parties "to designate particular documents as confidential . . . and postpone[] the necessary 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Trib. Co. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). Accordingly, the Court finds a protective order is warranted to facilitate discovery and adopts the Parties' proposed consent protective order (Doc. 10-1).

For good cause shown, the Parties' Joint Motion (Doc. 10) is GRANTED, and the Parties' proposed Consent Protective Order (Doc. 10-1) is hereby ADOPTED and made the ORDER of the Court.

**SO ORDERED**, 25th day of November, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**